THE STATE OF OHIO *v.* THE CENTRAL TRUST COMPANY ET AL.

*Taxation—Collateral inheritance—Gifts for public purposes—Endowment fund for Cincinnati Symphony Orchestra.*

An endowment fund created by will, which is bequeathed to The Cincinnati Symphony Orchestra Association to have and to hold the same in trust for the "perpetuation, support and betterment of the *Orchestra* controlled by said Orchestra Association," is a gift to the orchestra, the objects and purposes of which are purely public in character within the meaning of the phrase "other exclusive public purposes" as found in Section 5332, General Code (94 O. L., 101), and therefore exempt from the collateral inheritance tax provided for in Section 5331, General Code (94 O. L., 101).

(Decided March 5, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Charles S. Bell*, prosecuting attorney, and *Mr. Louis Schneider*, assistant prosecuting attorney, for plaintiff in error.

*Messrs. Worthington, Strong, Stettinius & Hollister; Mr. Robert A. Taft*, and *Messrs. Swire & Reilly*, for defendants in error.

BY THE COURT. Martha Cora Dow died October 17, 1915, leaving a will. It was duly probated. The will named The Central Trust Company as executor and testamentary trustee, and it was so appointed.

On June 18, 1918, the probate court made an entry finding that The Cincinnati Symphony Orchestra Association Company had received and succeeded to $500,020.92; that of that sum the amount taxable under the collateral inheritance tax laws was $499,520.92; that the amount of the tax was $24,976.05; that the interest due thereon was $3,219.01, a total of $28,195.06, and ordered payment thereof forthwith.

The cause was appealed to the Court of Common Pleas. That court heard the case on the record from the Probate Court, and the evidence. It decided that the bequest was exempt from such tax, under Section 5332, General Code (94 O. L., 101). This action is prosecuted to reverse that judgment.

The question for determination is made by Section 12 of the will. It reads:

"*Item Twelve*: Subject to the performance of the trust, aforesaid, I give and bequeath all the said residue and remainder of my estate, and the securities constituting said Trust Fund, and its accumulations, together with all moneys belonging thereto in the hands of my said Trustee, to The Cincinnati Symphony Orchestra Association Company, a corporation of Cincinnati, Ohio (hereinafter called the Orchestra Association), to have and to hold the same upon the uses and trusts, and subject to the conditions and limitations hereinafter set forth; and I direct my said Trustee

named in Item Eleven hereof, so often as it may
have in its hands any part or portion of the se-
curities constituting said Trust Fund, the income
of which is not necessary for the payment of an-
nuities as heretofore provided, to transfer, pay
over and assign, from time to time as available,
such parts or portions; and at the termination
of said Trust, by payment in full of all said annu-
ities, to transfer, pay over and assign, all the
securities, property, money or assets remaining in
its hands, belonging to, and constituting said Trust
Fund, or Funds, to said Orchestra Association.
Said securities are to be held, controlled, man-
aged, invested and re-invested, by said The Cin-
cinnati Symphony Orchestra Association Com-
pany, in trust, nevertheless, as a separate and dis-
tinct Fund, to be known as the 'Cora Dow Endow-
ment Fund,' the income thereof to be collected and
used for the perpetuation, support and betterment
of the Orchestra controlled by said Orchestra As-
sociation. No part of the principal of said En-
dowment Fund shall ever be used, or expended,
or, on any pretext, be impaired; the income, how-
ever, may be used and expended, from time to
time, in such manner as in the judgment of the
Board of Directors of said Orchestra Association
will best promote and carry out the objects and
purposes of this gift as above declared. No change
shall be made in the securities in which said fund
may be invested at the time of receipt thereof by
said Orchestra Association before the maturity of
such securities, except upon the affirmative vote
of not less than three-fourths of the whole Board
of Directors of said Orchestra Association; and
all investments and re-investments of said En-

dowment Fund shall be made only in the classes of securities provided for investment by my Trustee in Item Eleven above.

"Provided, however, that this bequest shall not take effect, and no distribution as above by my said Trustee shall be made, until there has been a formal acceptance of this gift, upon the trusts and subject to all the terms and conditions above set forth, by said Orchestra Association, which shall be evidenced by a resolution legally adopted by its Board of Directors, signifying such acceptance, a duly certified copy of which shall be furnished said Trustee, and be authority to it to make such distribution."

Plaintiff in error claims that the Cincinnati Symphony Orchestra Association Company is a corporation for profit; that its character will be determined by its charter; and that the evidence offered to show that there was an agreement signed by all the stockholders that all income derived from the Symphony should be used to perpetuate and advance the interest of the Cincinnati Symphony Orchestra, and that there was a large deficit each year in the operation of the orchestra, which was made up by voluntary contributions, was erroneous.

This contention would be true and the objection well taken if it were not for the fact that said corporation is not the *cestui que trust* under the will. The Cincinnati Symphony Orchestra Association Company is trustee of the fund. The will provides that it is "to have and to hold the same upon the uses and trusts, and subject to the conditions and limitations hereinafter set forth."

Any error in admitting evidence on the character or financial standing of the corporation could not be prejudicial.

The other error complained of, that the judgment of the court of common pleas is contrary to law, is more difficult of solution. It involves the question of whether or not the fund known as the Cora Dow Endowment Fund is subject to the collateral inheritance tax under Section 5331, General Code (94 O. L., 101), or is exempt under Section 5332, General Code (94 O. L., 101).

The fund was created for the "perpetuation, support and betterment of the Orchestra controlled by said Orchestra Association * * * an orchestra of like or substantially similar character," etc. It is clear that the fund was not given to the said corporation. It is a trustee to hold the fund, to invest and re-invest it for the purpose of deriving an income, the income only to be used for the purpose specified in the will, as above stated. A successor to the trustee is provided for in the will in case the present trustee fails to carry out the purposes for which the trust fund was created.

The evidence is that the Symphony Orchestra is a Cincinnati institution. Its concerts here and elsewhere are open to the public. Public-spirited citizens of Cincinnati contribute large sums annually to its support, and it assists in bringing to Cincinnati a large number of persons interested in, and for the purpose of, studying music.

In our opinion it could not be classed as a charity. The orchestra, for the maintenance and support of which the Cora Dow Endowment fund was

created, its objects and purposes, are purely public in character within the meaning of the provisions of Section 5332, General Code, "other exclusively public purposes." Besides it has some of the elements of an educational institution. And in so far as it is supported and maintained by the efforts of persons who devote much time to it free of charge, and contribute large sums annually, it embraces some of the elements of a charity.

We do not find any prejudicial error in the record, and the judgment of the court below will be affirmed.

*Judgment affirmed.*

Cushing, Buchwalter and Hamilton, JJ., concur.